IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BOILERMAKER-BLACKSMITH**
**NATIONAL PENSION FUND, et al.,**

      **Plaintiffs,**

v.                                                    Case No. 05-2368-JWL

**FLUID SEALING, INCORPORATED,**

      **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiffs are fiduciaries of employee benefit plans established and operated pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. Plaintiffs bring this action against defendant Fluid Sealing, Incorporated based on defendant's alleged failure to make appropriate fringe benefit contributions on behalf of its employees to ERISA funds administered by plaintiffs. This matter is before the court on plaintiffs' Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) and for Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (Doc. 9). By way of this motion, plaintiffs seek delinquent contributions, liquidated damages, and interest in the amount of $63,825.34 which plaintiff knows to be due and owing to the funds; costs and attorney fees; a court order directing defendant to submit to an audit of its business records so that plaintiff can determine whether additional amounts are due and owing to the funds; and certification of the judgment as final pursuant to Fed. R. Civ. P. 54(b), leaving for further adjudication only plaintiffs' claim

for additional amount as may be revealed by the audit.  For the reasons explained below, the court finds that although defendant clearly is in default, the record submitted by plaintiffs does not satisfy the court that plaintiffs are entitled to the relief sought.  Accordingly, the court will deny plaintiffs' motion without prejudice to be reasserted no later than **March 21, 2006**.

The clerk has already entered default in this case and therefore the next step is for the court to determine the relief to which plaintiffs are entitled.  The decision to enter judgment by default is committed to this court's sound discretion.  *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003); *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).  At this time, the court declines to grant plaintiffs the requested relief because the court is troubled by the combination of different types of relief sought by plaintiffs.  Plaintiffs are essentially seeking a final judgment that is enforceable now, thus presumably beginning the running of the time to appeal the judgment.  Meanwhile, the defendant is in default and thus consequently will likely be unaware of the judgment until the time for appeal has expired.  And, at the same time, plaintiffs want a court order allowing them to proceed with the audit and keep this lawsuit open so that plaintiffs can later ask the court to increase the amount of the judgment after the audit is complete.  The Federal Rules of Civil Procedure envision a different chronology of events—that is, the entry of a default judgment after a final determination of damages.  *See* Fed. R. Civ. P. 55(b)(2) ("If, in order to enable the court to enter judgment . . . , it is necessary to take an account or determine the amount of damages . . . , the court may conduct such hearings or order such references as it deems necessary and proper.").  Thus, the court believes that if plaintiffs want to conduct an audit, the

more appropriate course of action is to avoid the piecemeal procedure suggested by plaintiffs by allowing plaintiffs to conduct an audit first, then present evidence from which the court can make one determination concerning the amount of damages.

With that being said, the court is not satisfied based on the current record that plaintiffs are necessarily entitled to an audit of defendant's business records. Section 502 of ERISA provides that in an action such as this one the court shall award the ERISA plan, among other things, "other . . . equitable relief the court deems appropriate." 29 U.S.C. § 1132(g)(2). Thus, the court certainly has the statutory authority to award plaintiffs the requested relief. Plaintiffs, however, have failed to establish that they are entitled to the injunctive relief requested. They have not discussed the applicable legal standards and they have presented no factual record from which the court can determine that they are entitled to an accounting or the requested audit. The only evidence submitted that touches upon this issue is one of the affidavits submitted by plaintiffs which refers to defendant's obligation under the collective bargaining agreement(s) to submit reports and fringe benefit contributions to plaintiffs. The affidavits submitted by plaintiffs are otherwise uninformative. Also, plaintiffs have not presented copies of the subject collective bargaining agreements so that the court can determine plaintiffs' and defendant's contractual rights and obligations with respect to the ERISA plan. *Compare Buffalo Laborers Welfare Fund v. Toporczyk*, No. 03-0899E(F), 2004 WL 3267286 (W.D.N.Y. Oct. 25, 2004) (denying motion for default judgment in ERISA case in which plaintiff sought an audit of the defendant's books and records where the plaintiff did not introduce evidence that the defendant was a party to the collective bargaining agreement

3

or that the collective bargaining agreement did in fact create the alleged obligations), *with Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-9044, 2003 WL 1960584 (S.D.N.Y. Apr. 25, 2003) (granting motion for default judgment in an ERISA case and ordering an audit and expenses on the basis of thorough affidavits and a copy of the collective bargaining agreement).

Thus, the court believes that the most prudent course of action is to deny plaintiffs' motion in its entirety, but without prejudice. Plaintiffs may renew the motion and show, for example, that they are entitled to the requested audit or, alternatively, they may wish to drop their request for an audit and simply seek a final money judgment. The relief plaintiffs wish to seek is a matter for them to determine. But the court is not willing to grant plaintiffs the combination of relief sought in their current motion.[1]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' motion for default judgment (Doc. 9) is denied without prejudice to be renewed no later than **March 21, 2006**.

**IT IS SO ORDERED** this 7th day of March, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] The court further notes that insofar as plaintiffs seek costs and attorney fees, these requests are premature. Fed. R. Civ. P. 54(d)(1) and (2) and D. Kan. Rule 54.1 and 54.2 set forth post-judgment procedures for recovering costs and attorney fees.